Morgan v. Bell.

---

## BARNEY MORGAN v. WARREN S. BELL.

1. INSTRUCTIONS — *Refusal, Not Error.* Where proper instructions are refused, but such instructions are substantially included in the charge of the court to the jury, *held,* such refusal not error.

2. SEALED VERDICT, *Not Agreed To — Practice.* Where, by consent of parties, the jury in a civil action is permitted to return a sealed verdict, and such verdict is returned into open court by the jury, but upon being polled it is found that the verdict is not agreed to by all the jury, *held,* not error for the court to again send the jury out to deliberate upon its verdict, where no objections are made by either party, and it is not shown that the jury has been permitted to separate or disband.

3. NEW TRIAL — *Newly-Discovered Evidence.* Where a new trial is asked upon the ground of newly-discovered evidence, and to support such application the attorney of the party shows that he did not know of the evidence, and could not by reasonable diligence have discovered and produced such evidence, and no showing is made that the party himself did not have such information, *held,* such showing not sufficient to entitle a party to a new trial.

4. NEW TRIAL, *When Granted.* Before a new trial will be granted upon the ground of newly-discovered evidence, it must affirmatively appear that the new evidence would be sufficient to change the verdict; and a new trial will rarely be given for the purpose of procuring evidence for impeachment.

*Error from Miami District Court.*

BELL brought this action to recover damages for injuries which he received by being bitten by a dog belonging to de-

fendant *Morgan.*   Trial by jury at the June term, 1887, and judgment for the plaintiff for $100.   Defendant brings the case here for review.

· *John C. Sheridan,* for plaintiff in error.

*Brayman & Stevens,* for defendant in error.

Opinion by CLOGSTON, C. : This was an action brought to recover damages for injuries sustained by reason of the bite of a vicious dog, the property of the defendant.   At the trial the defendant submitted and asked the court to give certain instructions, which were refused, and this is now assigned as error.   There were no exceptions taken to the instructions given by the court to the jury, and the instructions asked for by the defendant were substantially included in the general charge of the court, and we see no error in refusing to give the instructions asked by the defendant after what had already been given by the court.

The next complaint is the misconduct of the jury.   The record shows that the jury were sent out late in the evening to consider upon their verdict, and an agreement was made that the court might make an order, (which was done,) that if the jury should agree upon a verdict before the opening of the court in the morning, that they might return a sealed verdict; and at the convening of the court a sealed verdict was presented in open court by the jury.   Upon demand of the defendant the jury were polled, when it was ascertained that at least one juryman disagreed to the verdict, and they were then directed to retire for further consideration upon their verdict, and afterward returned into open court with a second sealed verdict, which it was found was not agreed to by at least one of the jurymen, and again they were sent out; and afterward they returned into open court a verdict for the plaintiff for $100. This was the amount named in each of the former verdicts brought in.   These proceedings are now challenged by the plaintiff in error, and it is urged that the court had no authority to again send the jury out after they had returned what

purported to be a sealed verdict, and after the jury had once been separated or disbanded. The record does not sustain the plaintiff in this claim. There is nothing to show that the jury were ever allowed to separate or disband, or were ever out of the charge of a sworn bailiff; and when the jury were sent out on those several occasions no objections were made by the defendant, and no request was made that the jury be discharged from the further consideration of the case. In the absence of such a showing we cannot presume error; and as the record presents none, this objection must be disregarded.

The last claim is that the court erred in overruling the defendant's motion for a new trial. There was some evidence tending to sustain each issue involved in this litigation, and therefore upon the evidence the ruling of the court below must be sustained. The showing made by the defendant upon the ground of newly-discovered evidence which could not with reasonable diligence have been discovered and produced at the trial, and the ruling of the court upon this question, must be sustained upon at least two grounds: First, there was a showing made by the attorneys of the defendant that they did not know of this evidence, and that they were taken by surprise, and could not have discovered the testimony with reasonable diligence. The objection to this is, that if true it was not a sufficient showing, for in the absence of information to the contrary, it must be presumed that the defendant had this knowledge; and if he did, a showing made by an attorney was not sufficient. The want of knowledge in an attorney is not a sufficient showing to warrant the court in presuming that his client had not such knowledge. Second, this newly-discovered evidence was alleged to be material for the purpose of impeaching witnesses for the plaintiff. Before an action will be reversed for evidence of this kind it must conclusively appear that the evidence would reverse the verdict and judgment, which is not shown in this case. Rarely if ever are actions reversed upon evidence of this character alone. (*Parker v. Bates*, 29 Kas. 597; *Clark v. Norman*, 24 id. 515.)

For these reasons we recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.