## THE KILPATRICK-KOCH DRY-GOODS COMPANY v. KAHN BROS. *et al.*

1. RECORD — *Evidence — Practice.* In order that a plaintiff below may obtain a reversal of a judgment for errors in the instructions of the court, the record must show that the plaintiff offered evidence tending to establish every fact essential to his recovery; and where, in an action to recover goods claimed to have been fraudulently purchased, substantially all the evidence with reference to the purchaser's solvency is omitted, the court will not assume that sufficient evidence to establish that fact was offered at the trial.

2. SALE — *Fraud — Title — Burden of Proof.* Where a purchaser buys goods with intent to defraud the vendor of their price, and sells them to a third party, it is not necessary that the last-named purchaser should have had notice of the original fraudulent purpose in order to defeat his title; but, in order to protect such subsequent vendee in his purchase, the burden rests on him to show that his purchase was free from fraud, and for a valuable consideration.

3. JURY — *Special Questions — Error.* Where special questions are submitted to the jury, it is error for the court, after conclusion of the arguments, to charge the jury to make their special findings conform to their general verdict. The sole duty of the jury with reference to such questions is to answer them truthfully.

4. AGENT — *Declarations as Evidence.* The declarations of an agent as to matters outside of his agency are inadmissible against the principal.

### *Error from Norton District Court.*

ACTION by *The Kilpatrick-Koch Dry-Goods Company* against *Kahn Bros.* and another. Judgment for defendants.

The plaintiff brings the case here. The opinion states the facts.

*L. H. Thompson* and *Ellis & Cook,* for plaintiff in error.

*C. Angevine,* for defendants in error Kahn Bros.

The opinion of the court was delivered by

ALLEN, J. : On the 4th day of April, 1889, R. D. Morrison, a merchant at Oronoque, Norton county, purchased from the plaintiff in error a bill of goods amounting to $177.65. On the 13th of the same month, Morrison sold his entire stock of merchandise to the defendants Kahn Bros., for cash, and did not pay for these goods. Thereupon the plaintiff brought this action against Morrison and Kahn Bros., to recover the goods, or the value thereof, claiming that Morrison did not intend to pay for the goods when he bought them, but to cheat the plaintiff out of them. The jury found in favor of the defendants. The plaintiff alleges many errors occurring at the trial.

The court instructed the jury that, in order to recover, the plaintiff must show that Morrison purchased the goods with the fraudulent intent never to pay for them, and, "in addition to the above, it would be necessary for the plaintiff to establish that Kahn Bros. had notice of Morrison's fraudulent intent never to pay for the goods, and to cheat the plaintiff out of the same and their value." It is insisted that this instruction is erroneous; that the plaintiff may recover on establishing the fact of Morrison's fraudulent purpose in the original purchase, and that, to defeat its claim, the burden rests on Kahn Bros. to show that they are *bona fide* purchasers for value; that it is immaterial whether Kahn Bros. had notice of Morrison's original fraudulent purpose or not. If they knew or had notice that he was disposing of his entire stock of goods with a general purpose to defraud his creditors, it was sufficient to avoid their title. They are not

*bona fide* purchasers if their title was derived
2. Sale—fraud—title—burden of proof. solely through a fraudulent transaction. The burden also rests on the defendants to show their good faith. ( *Wafer v. Harvey County Bank*, 46 Kas. 597, and cases cited; Benj. Sales, 6th ed., 446, *et seq.; Lynch v. Beecher*, 38 Conn. 490.)

The record recites "that the above special findings of fact were submitted to the jury by the court, and that the said court, at the time the said special findings were so submitted, instructed the said jury orally, and after the general charge had been given to said jury by the said court, and after the argument of counsel for all parties had been fully made and closed, that their answers to the special findings of fact submitted to them by the Kahn Bros. must conform to and be consistent with their general verdict, and the court cautioned the said jury at the same time that unless such answers did so conform they would control the general verdict; to all of which the plaintiff, Kilpatrick-Koch Dry-Goods Company, objected and excepted." The jury rendered a general verdict in favor of the defendants. The first question submitted to them, and the answer thereto, is as follows: "Q. When R. D. Morrison bought the goods in controversy from the plaintiff, did he intend to pay for them? A. Yes." While the statement of the court contained a rule of
3. Jury—special questions—error. law for the guidance of courts, it was altogether wrong to state it to the jury. It was the duty of the jury to find the facts according to the evidence, and to answer special questions truthfully, without any reference to the effect on the general verdict.

The plaintiff placed Morrison on the witness stand at the commencement of the trial, to identify and prove the correctness of the particular bill of goods in controversy in this case, and also various other bills purchased from other firms. Complaint is made of the scope of the cross-examination, on which the defendants were allowed, over the plaintiff's objection, to examine the witness at length as to the good faith of

the transactions. As the evident purpose of the plaintiff in the examination of Morrison was to show fraud on his part, we are not able to say that the latitude allowed in cross-examination was an abuse of the court's discretion.

In answer to the claims of error we have noticed, counsel for the defendants in error calls our attention to the fact that there is an utter failure of testimony to support the claim that the original purchase by Morrison from the plaintiff was fraudulent. While the record before us recites that it contains all the evidence, the bills with reference to which Morrison testified are not here, and, aside from the bill in controversy in this case, there is absolutely nothing to show the amount of purchases made by Morrison except one, where there was a controversy as to whether the amount of the bill was $116 or $199.61. There is an utter failure of testimony showing that he was insolvent, or the amount of his indebtedness, or of his assets.

1. Record—evidence—practice.

The evidence shows that the stock of goods he sold was worth about $3,000; that he sold it for $1,800 in cash, out of which he paid immediately a note of $100, owing to a bank at Norton. It was admitted on the trial that he made no unusual, unreasonable or excessive purchases before the sale to Kahn Bros. If the solvency of Morrison be conceded, there is absolutely no foundation for a claim of fraud on his part in the purchase from the plaintiff. All inferences of fraud drawn from the circumstances shown by the testimony fail if he had property subject to execution, sufficient to satisfy the debt, and which the sheriff could seize. The only circumstances tending to show that he purchased these goods from the plaintiff with any fraudulent intent are, that but a brief time elapsed between the purchase and sale to Kahn Bros., and what transpired at the time of the sale. If it were shown that Morrison was insolvent, or deeply in debt, and perhaps if the amount of the unpaid bills offered in evidence was before us, we might be able to say that there was something to submit to the jury; but with the testimony in the record, and in view

of the fact that the amount in controversy here is small as compared with the price paid for the whole stock, we are unable to see how the jury could have done otherwise than answer the first special question as they did. Parties seeking a reversal must show that the error is prejudicial, and when the record is so defective as it is in this case, we cannot presume that a good case was presented in the trial court.

There was no error in the instructions of the court with reference to what would constitute a fraudulent purpose on Morrison's part in making the original purchase. Were it not for the fact that the court directed the jury to make its special findings correspond with its general verdict, the answer to the first question submitted would, of course, be absolutely decisive of the case, notwithstanding the errors in the instructions with reference to Kahn Bros.' knowledge of the fraud of Morrison. If Morrison intended to pay for the goods when he bought them, the plaintiff's case fails. Can we presume that this finding was unduly influenced by the direction of the court that the answers to special questions must conform to the general verdict? To do so would be to presume that the jurors were either dishonest or men of less than average intelligence. As affecting Morrison's title to the goods, this was the only question in the case; and where the evidence fails in essential particulars to make a case as against Morrison, we think this improper statement to the jury not sufficient to warrant a reversal of the case.

Complaint is also made of the exclusion of the declarations of one Miller, who is claimed to have been the agent of Kahn Bros. The testimony shows that the agency of Miller was solely for the purpose of examining the records to ascertain whether there were any incumbrances on the goods or not, and to inquire with reference to indebtedness of Morrison at Norton. The plaintiff sought to show by the witness Heaton that, while he was prosecuting his inquiries, he made declarations tending strongly to show fraud on the part of the defendants. The evidence in the case utterly fails to show any authority given to Miller, which would by any reason-

able implication carry with it the right to make such declarations. He was authorized merely to examine the records and make inquiries, not to make any purchase, sale or agreement of any kind, either as the agent of Morrison or Kahn Bros., and any declaration he may have made during the prosecution of his inquiries would be pure hearsay and inadmissible. These are all the questions presented in the record. As there is a total want of evidence to establish some facts essential to the plaintiff's recovery in the case before us, we are unable to say that the errors of the court prejudiced its substantial rights.

*4. Agent—declarations as evidence.*

The judgment is therefore affirmed.

All the Justices concurring.