THE SOUTHWESTERN MINERAL RAILWAY COMPANY v. A. W. KENNEDY.

### No. 328.

PRACTICE, DISTRICT COURT—*Verdict and Special Findings—Authority of Court.* Where a verdict and special findings are returned into court, and the trial judge states to the jury "that they should make their general verdict and their answers to special questions harmonize," and causes them to retire again to the jury-room for that purpose, *held*, to be error for which a new trial should be granted.

Error from Cherokee district court; A. H. SKIDMORE, judge. Opinion filed December 23, 1898. Reversed.

*T. N. Sedgwick*, for plaintiff in error.
*Nelson Case*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.: In this case the plaintiff in error is seeking to reverse a judgment of the district court of Cherokee county awarding damages to the defendant in error for right of way taken by the plaintiff in error through the land of the defendant in error. The case was tried before the court and jury. It is contended that the trial court erred "in sending the jury back a second time to consider of their verdict and to make their findings and general verdict correspond." The record contains the following :

"Thereupon the jury retired under charge of a sworn bailiff to consider their verdict and answers to the special questions submitted to them by the court at the request of the appellee ; and thereafter said jury returned into court their verdict and the answers to said questions, and the court, after examining the same, instructed the jury that they should make their general verdict and their answers to the special questions harmonize, and caused them to again retire to the jury-room for that purpose. To which action of the court in sending the jury back to make their verdict and the special questions harmonize defendant objects, and, its objections being overruled, defendant then and there duly excepted. Thereupon said jury again retired under charge of a sworn bailiff, and afterward returned into open court their verdict."

This is all the record contains that tends to throw light on the error complained of. It will be observed that the jury returned into court their verdict, together with their answers to the special questions. When this was done their work was completed. Section 294, chapter 95, General Statutes of 1897 (Gen. Stat. 1889, ¶ 4379), provides :

"The verdict shall be written, signed by the foreman, and read by the clerk to the jury, and the in-

quiry made whether it is their verdict.  If any juror disagrees, the jury must be sent out again ; but if no disagreement be expressed, and neither party requires the jury to be polled, the verdict is complete and the jury discharged from the case.  If, however, the verdict be defective in form only, the same may, with the assent of the jury, before they are discharged, be corrected by the court.''

The trial court, after examining the verdict and special findings, instructed the jury that they should make their general verdict and their answers to the special questions harmonize and caused them to retire again to the jury-room for that purpose.  The objection to the general verdict and the special findings returned by the jury, as appears from the record, is that they did not harmonize.  This is not a matter over which the court can exercise control.  If the verdict had been defective in form only, the court, with the consent of the jury, before they were discharged, could have corrected it.  But to instruct the jury that they should make their general verdict and their answers to the special questions harmonize, and to cause them to retire to the jury-room for that purpose, is error for which a new trial will be granted.

The judgment of the district court is reversed.