JOHN J. McCOOK, *as Receiver of the St. Louis & San Francisco Railway Company*, v. JESSE KEMP.

No. 459.   (59 Pac. 1100.)

1. INSTRUCTIONS — *Special Findings — Duty of Jury*. Where special questions are submitted to the jury, it is error for the court to charge the jury that their answers to such questions must be consistent with each other, otherwise their general verdict will not stand. The sole duty of the jury is to find the facts according to the evidence, and to answer the special questions truthfully. without reference to the effect on the general verdict. (*Dry-goods Co. v. Kahn*, 53 Kan. 274, 36 Pac. 327.)

2. ———— *Prejudicial Effect — Review.* "It is the right of a party to have his case submitted to the consideration of the jury under proper instructions, and when incorrect instructions are shown to have been given, a reviewing court will not undertake to say that they did not operate to the injury of the party against whom they were so given, unless such fact is made clearly to appear." (*Hall v. Jenness*, 6 Kan. 364; *Sheppard v. Pratt*, 16 id. 212.)

Error from Cherokee district court; A. H. SKID-MORE, judge. Opinion filed February 19, 1900. Reversed.

*J. W. Gleed, John L. Hunt, Gleed, Ware & Gleed,* and *D. E. Palmer,* for plaintiff in error.

*E. M. Tracewell, R. W. Emmerson,* and *R. M. Cheshire,* for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.: This action was brought by defendant in error, as plaintiff, in the district court of Cherokee county, against plaintiff in error, as defendant, to recover damages for injuries alleged to have been sustained while crossing plaintiff in error's railroad-track. The case was tried to a jury and verdict returned in favor of plaintiff. In addition to their general verdict, the jury found, also, upon particular questions of fact submitted by defendant. Judgment was rendered in favor of plaintiff, and defendant brings the case here.

Plaintiff in error complains of the following instruction given by the court:

"These questions are submitted to you by the parties, and require answers to each and all of them; in order that any judgment in favor of the plaintiff be rendered herein, should your general verdict be for him, it is necessary that your answers to these questions be each consistent with the other in order that

your verdict would stand.    Before a plaintiff can re-cover in an action of this kind, it is necessary that a certain state of facts must exist, and they are calling for those facts in your answers to those several ques-tions.    You should not regard the answering of these questions as imposing on you any extraordinary du-ties, for it is one of the rights that parties in law have, and you should give these questions the same consid-eration that you do your general verdict herein ; for you will readily see that your answers to these ques-tions will largely control and govern the court in its future action in this case.    If your general verdict in this case should be for the defendant, you need not answer these questions ; but if your verdict is for the plaintiff for any amount, answer the questions in the light of the testimony and instructions in this case."

The court erred in giving this instruction.    It was the duty of the jury to find the facts according to the evidence, and to answer the special questions truth-fully, without reference to the effect on the general ver-dict, and without considering whether such answers were consistent one with another.    (*Dry-goods Co. v. Kahn*, 53 Kan. 274, 36 Pac. 327.)

The instruction complained of may not have been prejudicial to the rights of defendant, but there is nothing in the record from which we can with cer-tainty determine that it was not.    "It is the right of a party to have his case submitted to the considera-tion of the jury under proper instructions, and when incorrect instructions are shown to have been given, a reviewing court will not undertake to say that they did not operate to the injury of the party against whom they were so given, unless such fact is made clearly to appear."    (*Hall v. Jenness*, 6 Kan. 364; *Sheppard v. Pratt*, 16 Kan. 212.)

Other errors are assigned by plaintiff in error, but the foregoing is sufficient to require a reversal of the case.

The judgment of the district court is reversed and the case remanded for a new trial.