THE COFFEYVILLE VITRIFIED BRICK COMPANY V. ELI
    K. ZIMMERMAN AND ELIZABETH ZIMMERMAN.

No. 11,486.   ( 60 Pac. 1064.)

1. FINDINGS—*Instruction as to Consistency.* It is error to instruct a jury that their answers to particular questions of fact submitted should be consistent with their general verdict.

2. —————— *Case Followed.* The case of *Dry Goods Co. v. Kahn*, 53 Kan. 274, 36 Pac. 327, cited and followed.

Error from Montgomery district court; A. H. SKIDMORE, judge.   Opinion filed May 5, 1900.   Reversed.

*H. C. Dooley, J. B. Ziegler*, and *W. E. Ziegler*, for plaintiff in error.

*Clark & Brown, Luther Perkins*, and *Geo. W. Clark*, for defendants in error.

The opinion of the court was delivered by

SMITH, J. : This was an action for damages by the plaintiffs below, the father and mother of Arthur Zimmerman, who was killed by the falling of an embankment under which he was at work while in the employ of plaintiff in error.   The action was brought under section 418, chapter 95, General Statutes of 1897 ( Gen. Stat. 1899, § 4686 ), and there was a verdict and judgment for plaintiffs.   One of the instructions given by the court to the jury, over the objection of plaintiff in error, was as follows :

"Your answers and findings should be consistent each with the other, and should be consistent with the general verdict, in order that any amount, if any you find in favor of the plaintiff, must be consistent and in harmony with the answers that you make to these special questions.   Whatever verdict may be returned in this case, if not for the defendant, it is

Brick Co. v. Zimmerman.

largely upon the answers you make to these questions, and they should be consistent each with the other.''

It was clearly erroneous for the court to require the jury to make their answers to the particular questions of fact harmonize with the general verdict, or to suggest that the findings should be consistent each with the other.   Each of the questions propounded should be answered truthfully, in accordance with the preponderance of evidence upon the question submitted. Under our statute, when the special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court may give judgment accordingly. (Gen. Stat. 1897, ch. 95, § 297; Gen. Stat. 1899, § 4550.)   The questions should be answered without any reference to their effect on the general verdict. (*Dry Goods Co. v. Kahn*, 53 Kan. 274, 36 Pac. 327.)

We have examined the amended petition and have read the testimony heard in the case.   We think that said petition states a cause of action, and that there was testimony tending to support its allegations.

For the error in the instruction given, the judgment of the court below will be reversed and a new trial ordered.