No. 30,460.

LAWRENCE THORNTON, a Minor, by His Next Friend, R. J. THORNTON, *Appellee*, v. L. R. FRANSE, *Appellant*.

(12 P. 2d 728.)

Opinion filed July 9, 1932.

*A. R. Lamb* and *Clement A. Reed,* both of Coffeyville, for the appellant.

*Elmer W. Columbia,* of Parsons, *T. E. Wagstaff* and *Jay Scovel,* both of Independence, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages for personal injuries in an automobile casualty. The jury answered special questions and returned a general verdict for plaintiff. Defendant has appealed.

Briefly the facts are: Plaintiff, a boy about fifteen years of age, and his sister were riding horses home from high school about 5:30 o'clock the afternoon of October 17, 1930. They were traveling west on a state highway which has a paved slab eighteen feet wide with dirt shoulders on each side. Plaintiff was riding his horse along the

dirt shoulder on the south side of the pavement and his sister's horse was along the dirt shoulder on the north side of the pavement. Plaintiff was riding in a slow gallop. He heard the roar of a car behind him and looked back and saw defendant's car approaching, perhaps a quarter of a mile away. Defendant and his companion were driving west on the pavement in a Hudson coupé. A witness estimated their speed at sixty miles per hour. Plaintiff, on hearing the car coming, slowed his horse to a walk. The horse was a three-year-old, not afraid of cars or nervous about them, but it seems he preferred to travel on the pavement, and on being slowed down stepped to the right onto the pavement. Just at that time defendant had veered his car to the left of the center of the pavement and it struck plaintiff and his horse. The car carried the horse about forty feet and plaintiff about seventy feet and stopped about five hundred feet from the place of collision. Plaintiff was seriously injured.

Appellant contends plaintiff was guilty of contributory negligence as a matter of law. Under the circumstances shown by the record we think that was a jury question.

Appellant next argues that the negligence, if any, of the defendant, was not the proximate cause of the injury. This argument is predicated on the last part of R. S. 8-123, which reads:

"Whenever any person traveling with any vehicle or conveyance on any road in this state shall overtake another vehicle or conveyance traveling in the same direction and shall by sound or call indicate to the driver thereof his or her desire to pass, it shall be the duty of the driver of the vehicle or conveyance in front, if the nature of the ground or condition of his load will permit it, to promptly turn to the right of the center of the road and the driver of the vehicle or conveyance behind shall then turn to the left of the center of the road and pass by without interfering or interrupting, . . ."

It is argued that under this statute when defendant approached plaintiff and his sister riding horses, one on the dirt shoulder to the right and the other on the dirt shoulder to the left, it became his duty to turn his car to the left of the center of the road and that it became the duty of plaintiff to go over to the right side of the road and permit him to pass. Obviously this statute was not drawn with the view of applying to the situation here presented. It is not easy to see that the legislature had in mind horses with their riders when it used the term "vehicle or conveyance." But, passing that thought, both horses were entirely off the slab as defendant approached. His natural driveway on the right side of the slab was not interfered with or obstructed by either of the horses. As long as the horses

were off the paved portion of the highway it was immaterial to defendant where they were. (*Zinn v. Updegraff*, 113 Kan. 25, 213 Pac. 816.) We do not regard this statute as having any bearing upon the case. The question of proximate cause was for the jury.

Appellant complains because the court did not submit certain requested special questions. One which illustrates the others was as follows:

"Did the plaintiff turn his horse on which he was riding to the north and into or in front of the automobile the defendant was driving, thereby causing the collision?"

In the colloquy between court and counsel over the form of this question it was pointed out that the last four words presented an additional question. The court offered to permit defendant to submit the inquiry in two questions, but that was declined. There was no error in the court's ruling. The question whether plaintiff turned his horse onto the pavement is distinct from whether his doing so caused the collision. Other elements enter into the latter. Appellant cites cases in which complex questions similar to this have been asked, but in those cases either the question here presented was not raised, or the facts were such as not to make them' objectionable.

It is argued that the verdict is excessive, but in view of plaintiff's injuries, as shown by the evidence, there is no reasonable basis for such argument.

Appellant complains of the court sending the jury back to answer special questions, and of the remarks and instructions of the court given to the jury with respect thereto. Among others, the court had given the following instruction:

"14. In general terms negligence is a failure to do that which ought to be done under the circumstances. It is the omission of a duty required at the hands of a party sought to be charged, as toward another. Where there is no breach of duty there can be no culpable negligence. And it is only for negligence that is of a culpable character that a person can be held responsible under the law. Culpable negligence is the omission of a duty, the omission of which is worthy of blame and deserving of censure."

The following special questions had been submitted to the jury:

"1. Where, relative to the center of the highway, did the collision take place?

"2. If you find that the defendant was intoxicated, then state in what manner, if any, such intoxication contributed to the collision.

"3. Do you find that the defendant was guilty of culpable negligence toward the plaintiff?

"4. If you answer question No. 3 in the affirmative, then state fully the act, or acts, of culpable negligence of which you find the defendant guilty.

"5. If your verdict herein is in favor of the plaintiff and against the defendant, then state:

"(a) How much do you allow plaintiff for permanent injuries?

"(b) How much do you allow plaintiff for pain and suffering?

"(c) How much do you allow plaintiff for punitive or exemplary damages?"

The jury returned its general verdict for $2,500 and returned answers to the special questions as follows: To the 1st, "Six feet south of center of pavement." 2d, "Not intoxicated." 3d, "No." 4th, ———. 5th, "(a) $1,500; (b) $1,000; (c) None." After the jury had returned the verdict and the answers to the special questions the court, and perhaps counsel for plaintiff, observed that there was a general verdict for plaintiff and that special question No. 3 had been answered in the negative and No. 4 had not been answered. We are told there was some colloquy between the court and counsel not shown by the record, but the following is shown:

"THE COURT: I don't know whether the jury understood my instructions or not. Instruction No. 14. In general terms negligence is a failure to do that which ought to be done under the circumstances. It is the omission of a duty required at the hands of a party sought to be charged, as toward another. Where there is no breach of duty there can be no culpable negligence; and it is only for negligence that is of a culpable character that a person can be held responsible under the law. Culpable negligence is the omission of a duty, the omission of which is worthy of blame and deserving of censure.

"ATTORNEY FOR PLAINTIFF: In the light of the verdict, after your honor has reread them that instruction, if they return and consider question No. 3—

"THE COURT: Well, they have answered it.

"ATTORNEY FOR PLAINTIFF: Maybe after having the court's rereading of that instruction the jury might want to consider the answer to question No. 3, because it is not consistent with the finding. We ask that the court permit the jury to retire and reconsider special question No. 3.

"THE COURT: Is there any objection?

"ATTORNEY FOR DEFENDANT: We certainly have.

"ATTORNEY FOR PLAINTIFF: I think if your honor is in doubt about it, you could—we ask that the jury should be polled and asked if they understood this special question.

"THE COURT: Ladies and gentlemen of the jury, are these your answers to the special questions, so say you all?

"JURORS: We misunderstood that one question.

"THE COURT: Well, if you say that is not your answer, of course, if all of you say that is your answer to that question that ends it, but if you did not understand the question, if that is not your answer, why it is not ended.

"ATTORNEY FOR PLAINTIFF: One juror indicated that they didn't understand it.

"THE COURT: How many of you understand that question? [No response from jury.]

"THE COURT: Do you find that the defendant was guilty of culpable negligence towards the plaintiff. Under the instructions given you by the court was the defendant guilty of negligence of a culpable character that a person should be held responsible for under the law. If the defendant was guilty of no culpable negligence for which he should be held responsible, if he owed no duty to the plaintiff, which he neglected, then your verdict should be for the defendant, or in other words, you can't find for the plaintiff and against the defendant, and at the same time say that the defendant was not to blame. In other words, you can't say that the defendant was not to blame and find a verdict for the plaintiff.

"A JUROR: We didn't understand that.

"THE COURT: Are these your answers to the special questions, or do you wish further consideration of that question?

"JURORS: Yes.

"THE COURT: All right, I will permit you to take the verdict. I will not receive the verdict or answers to the special questions at this time.

"ATTORNEY FOR DEFENDANT: At this time the defendant objects to the further referring of this case to the jury for the reason that the jury has performed its duty.

"THE COURT: I have not accepted the verdict.

"ATTORNEY FOR DEFENDANT: I understand that your honor has not accepted it, but the jury has performed its duty.

"THE COURT: No, it has not, because the jury has not told me these are their answers to the special questions. I want twelve of them to agree that these are their answers and this is their verdict, and until they do that I will not accept either. You may return, and you may change all of your answers to the special questions, or you may change your verdict as you desire, under the instructions as the court has given you and the evidence.

"ATTORNEY FOR DEFENDANT: The defendant renews his objection to the return of the instructions and the return of the special questions and the verdict to the jury, and objects to the statements made by the court to the jury that they may now, after they have fully considered the case, and returned their answers to the special questions, can take the case and again take the answers to the special questions and make any changes therein.

"THE COURT: Well, they have not returned their answers; that is, they have not been accepted by the court.

. . . . . . . . . . . . . .

"THE COURT: All jurors that are not satisfied with each and all of your answers to the special questions, hold up your right hands?

"[Whereupon all twelve jurors held up their hands.]

"THE COURT: The twelve of you having so indicated, you will be permitted to so deliberate until you are satisfied."

After retiring for further deliberation the jury returned to the court the same general verdict and their same answers to special questions, except they changed the answer to question No. 3 from "No" to "Yes," and answered No. 4: "Excessive speeding, not having car under control." Answers to the special questions and the general verdict were received over defendant's objection.

It is the duty of the jury to answer special questions as they find the facts to be from the evidence, without regard to how their answers may affect the general verdict. Any instruction or statement by the court to the effect that the answers to special questions should be made with the view that they harmonize with the general verdict is erroneous. (*Lynch v. Payne, Agent,* 117 Kan. 5, 10, 230 Pac. 85; *Railroad Co. v. Burrows,* 62 Kan. 89, 61 Pac. 439; *Brick Co. v. Zimmerman,* 61 Kan. 750, 60 Pac. 1064; *Dry-Goods Co. v. Kahn,* 53 Kan. 274, 36 Pac. 327; *Usher v. Hiatt,* 18 Kan. 195; *Railway Co. v. Kennedy,* 8 Kan. App. 490.)

Some of the language used by the court is open to that interpretation, if indeed it does not compel it, hence the judgment appealed from must be reversed. The practice cannot be permitted of having the jurors' attention called to the fact that their answers to special questions do not accord with the general verdict, and after doing so and rereading instructions and giving explanations, having the jury again retire to consider their answers to special questions.

It is quite possible the jury was confused by the word "culpable" in connection with "negligence," used both in instruction No. 14 and in the special questions. While in a strictly legal sense the word was correctly used, to the lay mind it implies something more than negligence. It serves no useful purpose in instructions or special questions in negligence cases, and should not have been used.

Since the action must be tried again, questions of evidence should be discussed. Several witnesses who were with defendant soon after the casualty were asked if they smelled liquor on his breath and some of them answered in the affirmative. Appellant complains of that. It is an offense for one under the influence of intoxicating liquor to operate an automobile on the highway. (R. S. 21-2160.) To commit the offense it is not necessary that he be "drunk" or "intoxicated," as those terms are ordinarily used. (*State v. Hayden,* 126 Kan. 799, 271 Pac. 291.) There was no error in the court's ruling in this respect. After plaintiff's injury his mother and several

others congregated. Statements were made by various persons as to how the casualty happened, or might have happened. Some one present made notations of some of these remarks. The persons present were witnesses at the trial. Defendant offered a copy of these notations in evidence. The court excluded it, and complaint is made of that ruling. There is no error in it. It was far short of a transcript of all that was said. It was used by defendant in the examination and cross-examination of witnesses, which was about the only use which could be made of it.

The judgment of the court below is reversed, with directions to grant a new trial.

SMITH, J. (dissenting): While I agree with the statement of law contained in the second syllabus, I cannot agree that under the facts stated in the opinion this case is one where this rule should apply. I think the whole trouble came from the court using the term "culpable negligence" and permitting the use of that term in the question that was asked. It is evident that the jury answered the question the way it did on account of a misapprehension in the jurors' minds as to this term. It is my idea that special questions are permitted as a means of securing a decision on particular issues in a cause, not as a means of confusing a jury. In this case the result seems to have been to confuse the jury. Since the opinion of the majority of the court says that the term "culpable negligence" should not have been used either in the instruction or the special question, then my idea is that the answer to question No. 3 should have been treated as surplusage and judgment entered on the general verdict and answers to the special questions as first returned.