No. 43,837

Marjorie Collett, *Appellee,* v. The Estate of Conrad J. Schnell, Deceased, William Schnell, Executor, *Appellant.*

(397 P. 2d 402)

Opinion filed December 12, 1964.

*Archie T. MacDonald,* of McPherson, argued the cause, and *John E. Wheeler,* of Marion, appeared with him on the briefs for the appellant.

*David W. Wheeler* and *Edwin G. Westerhaus,* both of Marion, argued the cause, and *D. W. Wheeler,* of Marion, appeared with them on the briefs for the appellee.

The opinion of the court was delivered by

Hatcher, C.: This appeal stems from an action to recover damages for personal injuries as the result of a collision between two automobiles.

As the determining issue involves the trial court's post-verdict directions to the jury, the facts may be highly summarized.

On the 4th day of January, 1962, the claimant, Marjorie Collett, was driving an automobile in a westerly direction on a Marion County, Kansas highway about one-half mile west of the city of Ramona, Kansas. At the place mentioned the claimant's car collided with an automobile being driven in an easterly direction by Conrad J. Schnell. The claimant was seriously injured. Schnell died four days later. His will was probated and the claimant filed a petition for allowance of demand for her injuries suffered in the collision in the probate court against the executor of the estate of Schnell. The

petition for allowance of demand, in due course, reached the district court where the case was tried to a jury. At a pretrial conference it was determined that the only controverted facts were the location of both vehicles just prior to and at the time of impact in relation to the center of the roadway and the extent of claimant's injuries. We ignore the trial proceedings and consider next the conduct of the jury. The jury, after deliberating, returned to the courtroom and announced that it had reached a verdict. The trial court read the verdict and the answers to special questions in silence.

The following proceedings then took place:

"THE COURT: *Lady and gentlemen of the jury, the court finds that your verdict and answers to the special questions are inconsistent.* The court is going to direct you back to the jury room, ask you to read the instructions of the court, and to reconsider your decision. Mr. Bailiff, will you please take the jury back into the jury room. I want these to go with them, though (returning documents to bailiff). Go with the bailiff, please. (Emphasis supplied.)

"THE COURT: Just a moment. For the record, lady and gentlemen of the jury, reread your verdict, reread your answers to your special questions, and reread the instructions.

"Thereupon the jury in charge of their bailiff was again sent out to the jury room to further consider on their verdict and special questions in this case.

"THE COURT: Now for the record, the special questions, gentlemen, and the verdict, could not be reconciled, but they were so unable to be reconciled that they belied the truth of either. But the court at this time, because of the method the court has taken, would want you both to so object to the means that the court has taken by sending them back to the jury room to reconcile the same, if you so desire."

It was then disclosed that the jury had returned a general verdict in favor of the plaintiff in the amount of $21,125.00 and answered special questions, only three of which are material here, as follows:

"3. Were there tire marks laid down by the Collett car just before the collision?

"ANSWER: Yes.

"4. If you answered No. 3 in the affirmative, then state where such tracks were from the center of road.

"ANSWER: 14 inches to the left of center.

"5. If you find that at the time of the collision that the Collett car was partly south of the center of the road, then state whether this directly or proximately caused or contributed in any degree to the force of the collision of the cars and to the injuries claimed by the plaintiff.

"ANSWER: Contributed."

There followed an off the record discussion of the court's procedure in returning the jury to the jury room for further considera-

tion but it does not appear that any specific objection was made at that time. The jury returned in due course with the same general verdict and had answered questions 3, 4 and 5 as follows:

"3. Were there tire marks laid down by the Collett car just before the collision?

"ANSWER: No visible marks proved to jury.

"4. If you answer question No. 3 in the affirmative, state where such tracks were from the center of the road.

"ANSWER: Don't know.

"5. If you find at the time of the collision the Collett car was partly south of the center of the road, then state whether this directly and proximately caused or contributed in any degree to the force of the collision of the cars and to the injuries claimed by the plaintiff.

"ANSWER: Contributed according to Clothier's first report."

The jury was dismissed and the defendant then filed its objections to the court's procedure in handling the jury. The motion was later argued to the trial court and overruled. Judgment was rendered on the general verdict and amended answers to the special questions. A motion for a new trial was also overruled and the defendant has appealed.

The appellant presents its chief claim of error as follows:

"It is Defendant's contention that the Court erred as a matter of law, after the jury had reached a verdict, and had answered the special questions, in stating to the jury that their verdict and the answers to the special questions were inconsistent, and in sending them back to the jury room to read the instructions and to reconsider their decision, and to reread the verdict, reread the answers to the special questions, and reread the instructions."

We must agree with appellant's contention. It is error for the trial court to indicate to the jury the need for having the answers to special questions consistent with the general verdict. It is the sole duty of the jury to find the facts according to the evidence and to answer the special questions truthfully without reference to the effect on the general verdict. Any effort on the part of the trial court to influence the jury in this regard destroys the entire purpose of special questions.

We have in this case a good illustration of the unfortunate results that follow such a practice. When the jury first returned it stated that there were tire marks laid down by appellee's car just before the collision and that the tracks were fourteen inches over the left center of the road. After the trial court stated that it found that the "verdict and and answers to special questions are inconsistent"

and instructed the jury to retire and reconsider the instructions and its decision, the jury returned with findings contrary to what it had originally found. When the jury returned the second time it stated that "no visible marks were proved to jury," and that it did not know where such tracks were from the center of the road. It would be difficult to reach any conclusion other than that the trial court influenced the jury in its second set of answers to the special questions. This the trial court may not do. We definitely disposed of this question in *Thornton v. Franse,* 135 Kan. 782, 12 P. 2d 728, where it is stated at page 787 of the opinion:

"It is the duty of the jury to answer special questions as they find the facts to be from the evidence, without regard to how their answers may affect the general verdict. Any instruction or statement by the court to the effect that the answers to special questions should be made with the view that they harmonize with the general verdict is erroneous. (*Lynch v. Payne, Agent,* 117 Kan. 5, 10, 230 Pac. 85; *Railroad Co. v. Burrows,* 62 Kan. 89, 61 Pac. 439; *Brick Co. v. Zimmerman,* 61 Kan. 750, 60 Pac. 1064; *Dry-Goods Co. v. Kahn,* 53 Kan. 274, 36 Pac. 327; *Usher v. Hiatt,* 18 Kan. 195; *Railway Co. v. Kennedy,* 8 Kan. App. 490.)

"Some of the language used by the court is open to that interpretation, if indeed it does not compel it, hence the judgment appealed from must be reversed. *The practice cannot be permitted of having the jurors' attention called to the fact that their answers to special questions do not accord with the general verdict, and after doing so and rereading instructions and giving explanations, having the jury again retire to consider their answers to special questions.*" (Emphasis supplied.)

Cases cited by appellee to the effect that the court may require the jury to complete indefinite and incomplete answers (*Snyder v. Eriksen,* 109 Kan. 314, 198 Pac. 1080) and that the jury may be returned where one of the jurors disagrees with the answer to a special question after being polled (*Farmer v. Central Mut. Ins. Co.,* 145 Kan. 951, 67 P. 2d 511) or disagrees with the verdict (*Morgan v. Bell,* 41 Kan. 345, 21 Pac. 255) have no application to the question under consideration.

The appellee contends that the appellant waived his objections to the trial court's action in sending the jury out for further deliberation, by failing to make any objections prior to the dismissal of the jury. In support of her contention the appellee cites numerous cases which adhere to the rule that in the absence of any objection to the verdict or special questions until after the jury is discharged, a litigant is deemed to have waived any objections he might have thereto. (*Watkins Co. v. Hanson,* 185 Kan. 758, 347

P. 2d 447; *Kitchen v. Lasley Co.*, 186 Kan. 24, 348 P. 2d 588; *Banbery v. Lewis*, 173 Kan. 59, 244 P. 2d 202.)

We have no intention of deviating from the above rule. However, we do not believe that the rule has any application to the facts and circumstances under consideration. The appellant is not directly complaining of the jury's answer to the special questions. He is satisfied with the first set of answers, the only answers that carried any validity. The appellant is objecting to the conduct of the trial court when it informed the jury that it found their verdict and answers to the special questions to be inconsistent and instructed the jury to return to the jury room, "reread your verdict, reread your answers to special questions, and reread the instructions," and the abortive results which followed.

We have concluded the directions of the trial court were clearly erroneous. This court adheres to the rule that where the instructions or directions of the trial court are in themselves erroneous, an appellant is not estopped of complaining of them as error by not having objected at the time they were given.

In *Miller v. Kruggel*, 165 Kan. 435, 195 P. 2d 597, we state at page 439 of the opinion:

"Objection was not made to this instruction at the time it was given but the alleged error in giving the instruction was urged upon the motion for a new trial. Although the general rule is that instructions to which no objection is made when given may not be reviewed upon appeal, we have said that this rule should not be applied where the instruction is clearly erroneous. In *Sams v. Commercial Standard Ins. Co.*, 157 Kan. 278, 139 P. 2d 859, after stating the general rule (with many cases cited, p. 287), it was said:

" 'It must, however, also be conceded the rule does not apply to an instruction which is in itself erroneous and an appellant is not estopped from complaining of it as error by not having objected to it at the time it was given. (*Richardson v. Business Men's Protective Ass'n*, 129 Kan. 700, 284 Pac. 599; *Doyle v. City of Herington*, 142 Kan. 169, 45 P. 2d 890, and *Lukens v. First National Bank*, supra.)' (p. 288.)"

It should be noted that the appellant was not informed as to the findings and verdict, nor given an opportunity to object to the trial court's directions before the jury was returned to the jury room. The appellant did by its objection before the verdict was approved, and in its motion for a new trial, call the trial court's attention to its error and give it an opportunity to correct it.

The appellant further contends:

"Defendant thus contends, that where the first answers to questions 3, 4 and 5 establish Plaintiff's contributory negligence in driving to left of center of

road just before the collision, Defendant would have been entitled to judgment on the answers to these questions notwithstanding the general verdict for Plaintiff. The trial court erred in sending the jury back to the jury room with the instructions as indicated, and in cases such as this, this Court is authorized to order the proper judgment to be entered."

We cannot direct a judgment on the special findings in this case because the trial court has not approved the jury's first answers to the special questions, and from the state of the record this court has no assurance that it would. A similar situation was before this court in *Walker v. Colgate-Palmolive-Peet Co.*, 157 Kan. 170, 139 P. 2d 157, where it is stated:

". . . When a general verdict is returned by the jury it becomes the duty of the trial court to determine whether the verdict should be approved. This is said to be one of the most important duties of the trial court. In doing so the court should exercise an independent judgment formed from judicial consideration of the evidence. This rule has been discussed so thoroughly in former decisions that there is no need to expand the discussion here. (See *Posey v. Johnson*, 145 Kan. 742, 745, 67 P. 2d 598, and cases there cited.)

"The same general rule applies to the court's approval of answers to special questions, except that a special question pertains to a particular fact; rules of law are not involved. (*Swan v. Salt Co.*, 86 Kan. 260, 119 Pac. 871; *Shore v. Shore*, 111 Kan. 101, 205 Pac. 1027; *Kansas Wheat Growers Ass'n v. Rinkel*, 126 Kan. 733, 734, 271 Pac. 311; 64 C. J. 1183.)

"In a case such as this, an action at common law for damages, in which the parties are entitled to a trial by jury, the court's powers extend no further than to approve or disapprove the verdict, or the answers to special questions. . . ." (p. 192.)

If the trial court is dissatisfied with the jury's answers to special questions, its only recourse is to grant a new trial. It cannot substitute its answers to the special questions for that of the jury nor require the jury to return particular answers. If that were permitted to be done it would amount to forcing the parties to a trial by the court denying them a trial by jury.

The judgment is reversed with instructions to grant a new trial.

APPROVED BY THE COURT.