DENNIS BURNS v. THE METROPOLITAN STREET-RAIL-
WAY COMPANY.

No. 12,899.    (71 Pac. 244.)

SYLLABUS BY THE COURT.

1. PERSONAL INJURIES — *Contributory Negligence — Burden of
Proof.* In an action for personal injuries, based on the negligence
of a defendant, the burden of proof is on the latter to show con-
tributory negligence on the part of the plaintiff, unless the evi-
dence introduced by the plaintiff to sustain his case tends to show
that his want of care contributed to the injury.

2. ——— *Street-railway Crossing — Duty of Traveler.* A trav-
eler on a city street, who is about to cross the tracks of an electric
street-car company, must exercise his faculties of sight and hear-
ing, and, under special circumstances, must use other careful and
prudent means to ascertain whether a car is approaching.

3. ——— *Railroad Rule Applied.* The prevailing rule respect-
ing the care required of a traveler over steam-railway tracks ap-
plied to one crossing a street-railway.

4. ——— *Reciprocal Rights Considered.* The reciprocal rights
of the traveler and a street-car company considered.

Error from Wyandotte court of common pleas;
WILLIAM G. HOLT, judge. Opinion filed January 10,
1903. Affirmed.

*H. G. Pope,* and *L. F. Bird,* for plaintiff in error.

*Miller, Buchan & Morris,* for defendant in error.

The opinion of the court was delivered by

SMITH, J. : The plaintiff in error was injured in a
collision between an express-wagon in which he was
riding and an electric trolley-car operated by de-
fendant in error. He was attempting to drive over
the rails of the company on Union avenue, in Kansas
City, where the cars run nearly east and west, on
double tracks. He was going north. He stopped
until a west-bound car passed in front of him, but was

struck by a car going east on the south track.   There were two hacks, which were six or seven feet high, standing in the street near to, and west of, his wagon before he started to cross.   The street-car was about twelve feet high.   Burns testified that he first saw the car about twenty feet distant, after his wagon was well onto the tracks ; that no bell was rung· or other signal given by the motorman.   One of the witnesses for plaintiff below testified that Burns did not look toward the west for an approaching car, and that it could be seen for the distance of a block.   The plaintiff below was familiar with the track, the running of cars and all surroundings.   The railway company answered, denying generally the allegations of the petition, and also charged the plaintiff with contributory negligence.   Both plaintiff and defendant below introduced evidence in support of the issues in the case.   There were verdict and judgment for the street-car company.

Plaintiff in error complains, first, of the refusal of the court to give to the jury the following instruction :

"The ·burden of proof in this case is upon the defendant to prove that the plaintiff was negligent, and that his negligence directly contributed to the injury complained of, and it must establish such fact by a preponderance of the evidence."

The instruction tendered leaves out of consideration any negligent act of Burns appearing in the evidence introduced to support his side of the case.   It is misleading in that it tends to minimize the effect of any negligent conduct of his which might have defeated the action had the railway company introduced no evidence.   If the plaintiff below, in establishing his case, had shown that his own negligence contributed directly to the injury, he would have failed to make

out a *prima facie* right of recovery. (*U. P. Rly. Co. v. Adams*, 33 Kan. 427, 6 Pac. 529.) In such case the giving of the instruction asked would lead the jury to believe that some affirmative proof introduced on the part of the railway company, tending to show such contributory negligence as the plaintiff had already shown, was necessary to defeat a recovery.

In *Railroad Co. v. Burrows*, 62 Kan. 89, 61 Pac. 439, an instruction in a personal-injury case, which told the jury that, before the defendant could avail itself of the plea of contributory negligence of the plaintiff, it must establish by the fair weight of the evidence the facts in such plea, was held to be misleading. See, also, *Railway Co. v. Merrill*, 61 Kan. 671, 60 Pac. 819. The instruction under consideration does not differ in substance from those criticized in the two cases above cited. The fault to be found in it lies in the omission of the qualifying condition that the burden of proof is not thrown on the defendant to show contributory negligence of the plaintiff if the latter has himself made it appear.

Complaint is made of the fourth instruction given by the court, in which it was said :

"It was the duty of the plaintiff to take notice of the fact that cars were liable to pass along the tracks of the defendant at any time, and that they could not turn out of the track, and it was his duty to make a vigilant use of his senses of sight and hearing when about to cross the tracks of the defendant, to ascertain if there was a present danger in crossing, and if he failed so to do, and if, by looking and listening for approaching cars, he would have discovered the car in question approaching in time to avoid colliding with it, then he cannot recover."

This instruction was amplified by another in which the jury were told that if the plaintiff could, by look-

ing or listening, "or by other careful and prudent acts," have discovered the approach of the car in time to avoid the collision, he could not recover.   We are well satisfied that the trial court stated correctly the law in these instructions.

In Thompson's Commentaries on the Law of Negligence, volume 2, section 1438, the learned author states that it is the general disposition of courts, in their later expressions, to apply the rule prevailing in respect to steam-railways, and to hold that the failure of a traveler to use his faculties of sight and hearing before he attempts to cross a street-railway is negligence *per se*.   The rule stated is founded in reason. At the place of this accident street-cars were constantly passing and repassing at intervals of a few moments. As was said in the case of *U. P. Rly. Co. v. Adams*, supra, a railway-track itself is a warning of danger. This is so because trains may be expected at any time.   Street-cars run many times more frequently than trains on steam-railways, and are more silent in their movements.   The shorter the intervals between street-cars the better the public is served.   The chances of escaping injury taken by the traveler who crosses the tracks of a steam-railway without looking or listening are greater by far than those of a person who, in the same negligent way, goes over street-railway tracks in a populous city.   Certainly no less vigilance ought to be exercised in the latter case than in the former.   Concerning the direction to the jury that the plaintiff below ought not to recover if, in addition to looking and listening, he could, by the exercise of "other careful and prudent acts," have avoided injury, we find no error in this requirement.

It is asserted that the view of the plaintiff below was obstructed by two hacks standing between him

and the approaching car. This fact, considering the familiarity of the injured party with the operation of the cars, made it a proper matter for the jury to determine whether he ought not to have stopped and waited with his wagon, or even made inquiry of bystanders who had an unobstructed view of the approaching car.

Complaint is made by counsel representing plaintiff in error that the court refused to instruct the jury on the reciprocal rights of the parties to the use of the street as an avenue of travel. The court did so expressly. That part of the fourth instruction, set out above, was preceded by these words : "The rights of the plaintiff and defendant to travel in the street in question were equal," and it was followed by this direction :

"It was also the duty of the servants of the defendant to take notice of the ordinary use to which said street was put by the traveling public, and it was also their duty to expect that vehicles would be driven across the tracks in front of approaching cars, and to keep a vigilant lookout for such travelers, and so to operate the cars that persons who were exercising reasonable care for their own safety, and who were about to cross the tracks, would be warned of the approach of the car by the ringing of bells or other necessary warning."

It will be seen from this that the equal rights of the plaintiff below and the railway company at the Union avenue crossing were recognized by the court, and the entire burden of avoiding the collision was not put upon the former.

The judgment of the court below will be affirmed.

All the Justices concurring.