THE METROPOLITAN STREET-RAILWAY COMPANY v. FRANCES RYAN.

No. 13,689. (77 Pac. 267.)

SYLLABUS BY THE COURT.

STREET-RAILWAY—*Injury to Passenger—Demurrer to Evidence Improperly Overruled.* Where, upon the trial of an action for personal injuries, plaintiff testified that she alighted from an east-bound street-car and passed back of it and to the northward upon a parallel track four feet distant on which cars traveled in an opposite direction, without looking for an approaching car, and sustained injury, and that by looking eastward along the space between the parallel tracks, after passing by the end of the standing car, she could have seen an approaching car for a distance of two blocks, it is *held*, that it is error to overrule a demurrer to plaintiff's evidence.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed June 11, 1904. Reversed.

*Miller, Buchan & Miller*, for plaintiff in error.

*William B. Sutton*, for defendant in error.

The opinion of the court was delivered by

ATKINSON, J. : On December 13, 1901, plaintiff was a passenger on one of defendant's cars from Argentine, Kan., to the New York Life building, at the corner of Ninth and Wall streets, in Kansas City, Mo. At Ninth street she was transferred to an east-bound car. The Ninth-street car line was a double-track cable system, east-bound cars using the south track and west-bound cars the north, the space between the two being about four feet. When the car stopped at the corner of Ninth and Wall streets plaintiff alighted on the south side at the rear, or west, end. Before it moved forward she started northward toward the New York Life building. While crossing over the north track she was struck by a west-bound car, thrown violently to the ground, her right arm broken, and she otherwise bruised about the body. This action was brought to recover damages for the injuries sustained.

In her petition plaintiff charged defendant with negligence in operating the west-bound car, alleging, in substance, that it was being operated at a high and dangerous speed at that time, and that no sufficient and timely warning of its approach was given. Defendant answered with a charge of contributory negligence. Upon the trial it was shown from the testimony of plaintiff that she was familiar with the locality, the surroundings, the tracks, and the manner of operating cars thereon ; that each morning, for about two months,

she had made a like trip over the line from Argentine. Upon cross-examintion she testified that she knew that a west-bound car was likely to pass on the north track at any time ; that as she was passing the west end of the standing car she looked eastward to see if a car was coming from the east; that she could then only see about ten or fifteen feet to the eastward along the north track ; that this was the last time she looked for an approaching car until she was startled by parties' crying out to warn her of danger.  Plaintiff further testified that she first saw the car when it was about ten or fifteen feet from her ; that had she looked eastward along the north track when she stepped into the space between the two tracks she could have seen a car approaching from the east for a distance of two blocks, at least.  A demurrer to plaintiff's evidence was overruled by the court.  In this there was error.

This court has frequently said that a traveler, upon approaching a railway-track, in the exercise of ordinary care, must look and listen before crossing over it.  In *Burns v. Railway Co.*, 66 Kan. 188, 71 Pac. 244, it was held that the same rule applies to a traveler about to cross a street-railway track.  In *U. P. Rly. Co. v. Adams*, 33 Kan. 427, 6 Pac. 529, it was said that a railroad-track is itself a warning of danger. This is so because trains may be expected at any time.  Where plaintiff sustained injury street-cars were passing at frequent intervals, and one might be expected at any time ; and of this fact and with the locality and surroundings, plaintiff was perfectly familiar.  She was mature in years and in the full possession of all her senses.  The care which a traveler upon the public highway should exercise to protect himself from danger is commensurate with the known and the apparent dangers.  There is more dan-

ger in crossing a street upon which street-cars are run than where they are not operated. Where two street-car tracks run parallel, there is added danger. So, too, is it more dangerous to the traveler to cross from one track to another where the view is obstructed by a passing or standing car, than it is where the view is clear and unobstructed. Plaintiff knew that the car from which she alighted would soon move on and leave the view of the tracks unobstructed. She neither waited for one to move forward nor looked for an approaching car before passing upon the north track, when by looking eastward along the space between the two tracks she could have seen a car approaching at a distance of two blocks.

The accident occurred in the daytime, at a place where the view of the track was not obstructed for a space of two or three blocks to the east, except as the car from which she had just alighted would obstruct the view, and if she had waited until the car moved on she would have had an uninterrupted view of the space. She did not do so, but, according to her own statement, passed hurriedly along and around the rear end of the car, crossing the space between the two tracks from which the approaching car could readily have been seen and onto the track immediately in front of it. In doing this, without looking to see where she was going, or whether a car was approaching, she was guilty of negligence contributing to her injury. There was nothing in the existing conditions which prevented her from seeing the danger if she had looked, or in escaping the injury had she taken this precaution.

Under the numerous decisions of this court the minimum of care to be exercised in crossing over a railroad-track is to look and listen, where the sur-

roundings permit this precaution. The only excuse offered by plaintiff for a failure to look eastward for an approaching car as she passed onto the space between the two tracks is that the street was somewhat icy and slippery and that she was compelled to look where she was stepping. The fact that the footing was thus insecure might, with consistency, be urged as a reason why she should have exercised greater care in looking for an approaching car before stepping upon the track.

The following cases are quite similar to the case at bar, and in each plaintiff was held to be guilty of contributory negligence barring a recovery : *Indianapolis St. Ry. Co. v. Tenner*, 32 Ind. App. 311, 67 N. E. 1044 ; *Doty v. Detroit Citizens' St. Ry. Co.*, 129 Mich. 464, 88 N. W. 1050 ; *Busby v. Philad. Traction Co.*, 126 Pa. St. 559, 17 Atl. 895, 12 Am. St. Rep. 919.

Defendant did not stand upon its demurrer to the evidence, but offered testimony in support of its defense. None of it offered by defendant tended to strengthen plaintiff's case. The judgment of the trial court will be reversed and a new trial ordered.

All the Justices concurring.