No. 32,345

JEWEL DOYLE, *Appellant,* v. THE CITY OF HERINGTON, *Appellee.*

(45 P. 2d 890)

Opinion filed June 8, 1935.

*A. J. Herrod,* of Kansas City, and *Matt Guilfoyle,* of Abilene, for the appellant.

*Joe E. Lynch,* of Herington, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this case is by the plaintiff in an

action by her against the city of Herington to recover damages for injuries sustained while walking on a sidewalk in the city, alleged by her to have been defective, where the jury returned a verdict for the defendant city.

The petition contained the usual allegations as to the defect in the pavement, the negligence of the city in permitting it to so exist and remain, the way the accident occurred and the extent of the injuries sustained. The answer of the city pleaded a general denial and contributory negligence.

In addition to the general verdict for the defendant the jury answered four special questions submitted by the trial court, as follows:

"1. Was the plaintiff at the time she received the injury in question wearing high-heeled pumps? A. Yes.

"2. Was the plaintiff looking over her shoulder to the side or rear, talking to Muriel Knox, at the time she received the injury in question? A. Yes.

"3. If she had been looking in the direction in which she was going and not engaged in conversation with Muriel Knox, could the injury she received have been avoided? A. Yes.

"4. If you answer question 1 in the affirmative, did the wearing of such pumps contribute to the injuries of which plaintiff complains? A. Yes."

The first assignment of error is that the verdict is not sustained by the evidence, is contrary to law and against the weight of the evidence.

Counsel for appellant in their brief very candidly and fairly recognize the well-established rule that when a verdict has been approved by the trial court an assumption is usually indulged that it is not inherently wrong, and it is usually upheld if it is supported by any substantial evidence, but they assert the belief that the entire record in this case shows the negligence of the defendant and the absence of contributory negligence on the part of the plaintiff.

Two points contained in the answers to the special questions are particularly cited as being entirely without any supporting evidence: first, the effect of the height of the heels on her shoes, and second, that plaintiff was looking over her shoulder when she fell. The evidence of the plaintiff was that "her right foot slipped off of the high part of the slab, catching her heel in the hole, throwing her to the sidewalk." In cross-examination she was asked to describe the heels on her shoes and she said she wouldn't say they were very high, they were quite like the ones on the shoes she was then wearing, and that "they weren't wide, they were narrower." The effect of such

a described heel was for the jury to consider as to its slipping off the edge of a slab and going into a depression.

As to the other point about looking over her shoulder when she fell, she testified she was not doing so but that she was talking to Mrs. Knox at the time she fell and that she "was looking at her like a person would look at anybody, would look at another they had met, as they passed." But Mrs. Knox said plaintiff was still talking to her as she walked past and that she (Mrs. Knox) had to turn her head a little to answer plaintiff and that she was about ten feet past when she heard plaintiff cry out. Another witness testified he saw plaintiff fall and heard her and Mrs. Knox talking as they passed each other, and they were still talking when they were ten or twelve feet past each other. The jury may have given greater weight to the testimony of these two witnesses and thus found the answer to the second question about plaintiff looking over her shoulder at the time she received the injury.

The next error assigned was in the failure of the trial court to give four instructions requested by the plaintiff, the first of which was given in part, but the complaint is mainly because the court nowhere told the jury what would constitute a dangerous condition as a matter of law. The court did copy the instruction requested as to its being the duty of the city to keep its sidewalks in reasonably safe condition, but did not fix a limit as to the extent of a depression that would become dangerous. We find no error in the court's not going farther than it did in this case along this line in view of the recent holding of this court in the case of *Ford v. City of Kinsley*, 141 Kan. 877, 44 P. 2d 255, which opinion was handed down since the filing of briefs in this case.

Three other instructions requested were given in whole or in part by the court, but error is assigned because the court followed it by instructing on the contrary or modified view of the subject, which took away the effect of the instruction requested, and especially did not give the view of the plaintiff as to her right to walk upon a defective sidewalk, as stated in *City of Emporia v. Schmidling*, 33 Kan. 485, 6 Pac. 893; *McCoy v. City of Wichita*, 86 Kan. 943, 122 Pac. 894; and *Water Co. v. Whiting*, 58 Kan. 639, 50 Pac. 877. In the last case it was particularly said in reference to such matter:

". . . While they must act with reasonable care, they are not required to keep their eyes upon the pavement continuously, watching for obstructions or pitfalls." (Syl. ¶ 6.)

In the McCoy case, *supra,* it was said:

"It is not contributory negligence *per se* for one to walk upon a sidewalk which he knows is defective. In doing so, however, he must exercise such care as an ordinarily prudent man would exercise under similar circumstances." (Syl. ¶ 1.)

The court did not give that part requested as quoted from the Whiting case, but did give in its instructions 8, 9, and 10 the duties of the city, the privileges of the plaintiff to travel the streets along the line of the holding in the McCoy case, saying in one of them that "this degree of care and diligence required of the plaintiff must be commensurate with the surrounding circumstances." In instruction No. 8 the court told the jury:

"Any person traveling upon a street has a right to use any portion thereof not otherwise in use and a right to presume that such street or sidewalk is in a safe condition and to act upon that assumption."

We think the instructions given fairly included in impartial language the substance of the instructions requested by the plaintiff.

Appellant complains of the giving of an instruction requested by the defendant as to the physical condition of the plaintiff at the time of the injury, and calls attention to the evidence of the plaintiff that such condition did not make it more difficult for her in getting around and that she was exercising and taking walks every day at and before the time of the injury. We think this is not a subject that can be criticised by appellant, because that physical condition was brought out by the plaintiff in her direct examination. For some reason she must have thought the fact of such physical condition was pertinent to the issues involved, and when introduced in evidence by her it was certainly not error for the court to refer to such evidence in the instructions.

The next assignment of error presents a more serious question as to a part of instruction No. 6, which is as follows:

"In order that the plaintiff might recover in this case it must appear to you by a preponderance of the evidence, . . . fifth, that the plaintiff was not guilty of negligence which contributed to the injuries of which she complains."

Counsel for appellant are eminently fair about the matter in recognizing that this instruction must be considered in connection with all the other instructions relating to the same subject matter, particularly Nos. 4, 9 and 11, to which might also be added Nos. 10, 12 and 13. Counsel for appellee argue that appellant cannot be heard to complain of this matter at this time, because no objection was

made to the giving of this instruction during the trial and no request was made for its modification or correction, or for any instruction as to the burden of proof with regard to contributory negligence. The cases cited by the appellee in support of this omission and failure of the appellant are limited since the adoption of the 1909 code to cases where the instructions were insufficient, incomplete or needed modification. (*Cobe v. Coughlin,* 83 Kan. 522, 112 Pac. 115; and *Richardson v. Business Men's Protective Ass'n,* 129 Kan. 700, 284 Pac. 599.)

Instruction No.. 6, as above quoted, does not belong to the class of being insufficient or incomplete, and therefore the appellant is not estopped from complaining of it as error by not having objected to it at the time it was given. If it is erroneous, as appellant contends, then all parties agree it is not to be construed alone, but in connection with all other instructions given on or relating to the same subject.

The first and second instructions given stated the claims of the plaintiff as to the condition of the pavement, the neglect of the city in permitting it to be and remain in that condition, the way and manner in which the injury occurred and the extent of her injury for which she was claiming damages. The third instruction gave the defense of the city as being a denial of all the claims of the plaintiff, and added the statement that whatever injuries the plaintiff suffered were the result of her own negligence contributing thereto. The fourth and fifth instructions defined the terms, burden of proof and preponderance of the evidence. Then followed the instruction above quoted which enumerated five things it would be necessary for the plaintiff to establish in order to recover, the fifth point being the negative of negligence on the part of plaintiff, which she argues was not strictly speaking a duty of the plaintiff and was emphasized by the use of the term "preponderance of the evidence" at the beginning of the instruction.

The language used in instruction No. 4 is particularly significant in that it follows a statement of the claims of the plaintiff and the claims of the defendant, and then limits the definition of burden of proof to "her case," as follows:

"You are instructed that the burden of proof is upon the plaintiff to make out her case by a preponderance of the evidence."

In other words, it only defined burden of proof and preponderance of the evidence as applied to "her case," the details of which had

been set out in the first and second instructions, which did not contain or refer to contributory negligence. No instruction was given placing the burden of proof upon the defendant as to contributory negligence.

Instruction No. 10 is as follows:

"You are instructed that it was the duty of the plaintiff in traveling along the sidewalk of the defendant to exercise ordinary care and diligence to avoid accidents; and this degree of care and diligence required of the plaintiff must be commensurate with the surrounding circumstances, and if such want of care on the part of the plaintiff contributed to her injuries, then she cannot recover."

In instruction No. 11 the court said:

". . . it is the duty of a person walking along a sidewalk to see where they are going, and if you find that the plaintiff failed to observe where she was going and that such failure upon her part contributed materially to the injuries of which she complains, then and in that event the plaintiff cannot recover."

The following is a part of instruction No. 12:

". . . and if you find that such injuries would not have occurred had she not been negligent, then and in that event the plaintiff cannot recover."

And the following is the concluding part of instruction No. 13:

". . . and where such injuries are without fault or negligence of anyone or would not have happened except for the negligence of the injured party, then the injured party cannot recover."

We have instruction No. 4 defining and limiting the burden of proof to her case, or the claims made by her, and the several other instructions referring to her duty to use reasonable and ordinary care. Reading all these instructions together we do not think the jury could have been led to regard the language of No. 6 as one concerning the burden of proof, even though no specific instruction placed the burden of proof of contributory negligence on the defendant. (*Glahn v. Mastin,* 115 Kan. 557, 224 Pac. 68.)

The fifth subdivision of instruction No. 6 was simply a condition of recovery by plaintiff. Four other conditions necessary to her recovery had just been enumerated, and to them was added the fifth, that she was not guilty of negligence which contributed to the injuries of which she complained. This expressed duty was in complete harmony with instructions Nos. 10, 11, 12 and 13, above quoted. It is true the court used in instruction No. 6 the word preponderance, but the instruction in no way treated the question of burden of proof or attempted to shift it from defendant to plaintiff.

The facts and circumstances of the accident, disclosed by the testimony, clearly raised the subject of contributory negligence and furnished a basis for a finding along that line. In order to recover she was required to show the five things the court enumerated; the last one was not to be guilty of negligence or fail to exercise ordinary care, which contributed to her injury. She must make at least a *prima facie* case in such matters, including the fifth subdivision.

In a similar action for damages for injury received this court held the demurrer to the evidence of the plaintiff, which showed contributory negligence, should have been sustained, and of course that was before the defendant had introduced any evidence as to plaintiff's negligence, but plaintiff's own evidence showed sufficient contributory negligence to prevent a recovery. (*Railway Co. v. Ryan,* 69 Kan. 538, 77 Pac. 267.)

This last case was cited with approval in the recent cases of *Harris v. Kansas City Public Service Co.,* 132 Kan. 715, 297 Pac. 718, and *Dennis v. Kansas City, K. V. & W. Rly. Co.,* 133 Kan. 214, 299 Pac. 941. In the last-cited case it was said in the opinion:

"The special findings and the plaintiff's own testimony convicted him of contributory negligence, and judgment in favor of defendant should have been entered either on demurrer to plaintiff's evidence or on the special findings, or on both." (p. 220.)

In *Balmer v. Long,* 109 Kan. 42, 197 Pac. 1089, it was said in the opinion:

"The assignments of error relate to instructions given and refused. No transcript of the evidence has been prepared, no evidence has been abstracted, and this court has no means of determining the importance of any assignment of error. Besides that, the jury returned special findings which negatived existence of the facts which were necessary to recovery by the plaintiff. None of the instructions complained of could have influenced the jury in making its findings, unless it be the instruction relating to burden of proof. If the evidence were here the court might be able to say the burden of proof was not of much consequence." (p. 42.)

In the case at bar we have an abstract and counter abstract giving the important evidence, and we also have the findings of fact which negatived the existence of the exercise of ordinary care, and from such findings and the supporting evidence shown in the abstract and counter abstract we are able to say, as in the last-cited case, that the question of the burden of proof was not of much consequence.

The case of *Thompson v. Dyson,* 120 Kan. 591, 244 Pac. 867, is

cited by appellant, where it was held to have been error to have placed the whole burden of proof upon one of the litigants when it should have been on each as to some separate features of the case. The distinction there was much wider than it is here. The suit was upon a contract, and one part of the defense was a counterclaim. Here the matter of contributory negligence is an incident in the plaintiff's claim because she could not recover if her own failure to use ordinary care contributed to the injury of which she complained.

In 45 C. J. 1182 it is said:

". . . where the circumstances established by plaintiff's own evidence show that he was guilty of negligence or raise a presumption against him in respect of the exercise of due care, the burden is on him to rebut the presumption or establish affirmatively his freedom from contributory negligence, a more accurate statement is that, wherever plaintiff's own case presents evidence which, if unexplained, would make out *prima facie* contributory negligence on his part, there must be further evidence exculpating him or he fails to establish a cause of action."

We have a right to consider the answers to the special questions as far as they are supported by the evidence, unless it is apparent that the jury was misled by the instructions. The answers concern plain matters of fact about some of which there is not even a controversy, and they naturally repel any thought or suspicion of the jury being misled by the instructions, which in themselves were not misleading if they were all read together.

Appellant refers especially to the use of the words "slight unevenness" in instruction No. 11, where the court was describing different kinds of defects in pavements after having told the jury that the city was bound to keep its sidewalks in a reasonably safe and suitable condition of repair for public travel, also where reference is made to the plaintiff's physical condition and her footwear, and leaving such matters to the jury as to whether under such circumstances any more care in walking the streets would be required than of an ordinary pedestrian with ordinary footwear.

Appellant cites the case of *Evans v. City of Hutchinson,* 99 Kan. 477, 162 Pac. 342. In that case, although the defect was held to be dangerous, the court distinguished it "from that of other small irregularities that are not easily to be avoided." This Evans decision has, however, been criticized in the recent City of Kinsley case, *supra,* with regard to slight depressions in highways or sidewalks being dangerous. (See, also, *Gorges v. State Highway Comm.,*

135 Kan. 371, 10 P. 2d 834; and *Snyder v. State Highway Comm.,* 139 Kan. 150, 30 P. 2d 102.)

The case of *City of Kinsley v. Morse,* 40 Kan. 577, 20 Pac. 217, is cited by appellant as against the necessity of more care under some circumstances than others, but while ordinary care is held to be proper, yet the court approved the instruction given which concluded with the following words: "you may consider the knowledge of the plaintiff in relation to the dangerous condition of the walk," and said in the third syllabus that "what constitutes ordinary care must be determined by the facts surrounding each case."

So we think the instructions in this regard in the case at bar are not subject to criticism.

We find no error in the submission of the special questions to the jury, nor in what is claimed as emphasizing certain evidence in the instructions, nor in overruling the motion for a new trial.

The judgment is affirmed.