No. 37,059

PAUL A. MILLER, *Appellee,* v. ERNEST KRUGGEL, *Appellant.*

(195 P. 2d 597)

436

filed July 10, 1948.

*Maurice P. O'Keefe,* of Atchison, argued the cause, and *Wm. H. Strahan, F. H. Dillenback,* both of Troy, *Karl W. Root* and *Dolan McKelvy,* both of Atchison, were with him on the brief for the appellant.

*A. O. Delaney, Jr.,* of Troy, argued the cause, and was on the brief for the appellee.

The opinion of the court was delivered by

Hoch, J.: This was an action to recover damages for breach of a farm lease. The plaintiff prevailed and the defendant appeals. Appellant contends that he was prejudiced by undue limitation of cross-examination of the plaintiff and by an erroneous instruction to the jury.

Brief recital will suffice to present the issues. In his petition the plaintiff alleged, in substance, that he entered into a written lease with the defendant, owner of certain described farm property, covering the period from May 20, 1946, to March 1, 1947; that prior thereto the defendant performed certain work upon the property for plaintiff's benefit and that he paid the defendant the agreed value of the work; that he proceeded to farm the property by preparing the soil for crops and otherwise commenced to farm as provided in the contract; that in June, 1946, the defendant informed him that he did not intend to comply with the terms of the contract and did not intend to give him possession of the dwelling house and other improvements; that he would not move off of the property and would not permit the plaintiff to farm it; that he ordered him off of the premises and refused to permit him to move into the dwelling house and occupy the other improvements, and that by reason of such acts of the defendant he was unable to farm the property although he was ready, able and willing to comply with all the terms of the contract; that by reason thereof he had been damaged in the sum of $3,100; that by virtue of the federal statute, commonly known as the GI bill of rights, he would have drawn $900 thereunder but that by reason of the acts of the defendant he was not eligible to do so under the law and was accordingly damaged in the sum of $900; that the defendant willfully and maliciously prevented him from farming the property and excluded him from the possession thereof, by reason of which he asked exemplary damages in the sum of $1,000. The total damages thus prayed for amounted to $5,000.

In his answer the defendant denied generally the allegations of the petition and alleged that through an oversight in drawing up the written lease a twenty-acre tract had been omitted from the land description; that when he and the plaintiff discovered the oversight they agreed to abide by their original oral agreement which would include the twenty-acre tract; that by mutual agreement defendant was to occupy the premises until June 17, 1946, for the purpose of protecting the premises and taking care of livestock thereon belonging to the defendant, at which time the plaintiff was to move onto the premises, but that on or about June 10, 1946, the plaintiff abandoned the premises and removed his machinery therefrom and never returned for the purpose of farming the same; that the plaintiff refused to farm the twenty-acre tract of land referred to, and performed only a small amount of work in planting and cultivating the land and did that in a careless and improper manner; that the plaintiff refused to furnish or pay for one-half of the livestock on the premises and refused to pay for one-half of the corn on the premises, although he had agreed to do so; that the defendant was at all times willing to perform all of his obligations under the agreement, if the plaintiff had not abandoned the land. In a cross petition the defendant alleged that by reason of plaintiff's failure to perform under the contract he had been compelled to take charge of the land and farm it, and that by reason of the resulting delay in planting his crops, he had been damaged in the sum of $800 for which amount he asked judgment. The reply was a general denial.

The case was tried before a jury which brought in a verdict for the plaintiff for $1,500 actual damages and $500 punitive damages. The jury also answered special questions as follows:

"Did the actions and conduct of the defendant, Ernest Kruggel, constitute a constructive eviction? A. Yes.

"Did the plaintiff, Paul A. Miller, voluntarily abandon the Kruggel farm? A. No."

The defendant moved to set aside the answers on the grounds that they were given under the influence of passion and prejudice and were contrary to the evidence. The motion was overruled as was also defendant's motion for a new trial.

The first assignment of error is that the court improperly sustained an objection to the following question asked of the plaintiff on cross-examination:

"After you moved your father's machinery away, what line of work did you follow after you went away?"

Appellant contends that the question was proper for the purpose of establishing mitigation of damages. He does not contend that it was asked for the purpose of affecting the credibility of the plaintiff or the credence or weight to be given to his testimony upon any disputed question of fact. No issue as to mitigation of damages had been raised. It was not pleaded in the answer, and appellee asserts, without contradiction, that it was not even mentioned in the appellant's opening statement.

Other jurisdictions are in disagreement as to whether matters in mitigation of damages must be specially pleaded or may be shown under a general denial only. (25 C. J. S. 780; 15 Am. Jur. 764.) Apparently the question has not been passed upon in this state, and it is not necessary to do so here. Assuming that appellant could have offered evidence in mitigation of damages under his general denial, he still had the burden of proof to establish it, mitigation of damages being a matter of affirmative defense. (25 C. J. S. 791; 15 Am. Jur. 770; many cases cited Fourth Decennial Digest, Damages, 163[2].)

In the direct examination of the plaintiff, no matters referring to or related to mitigation of damages had been gone into. It follows that the trial court did not err in sustaining an objection to the question on cross-examination. The defendant, of course, could have made the plaintiff his witness and elicited answers on questions dealing with mitigation of damages as part of his defense. This he did not do.

Having determined that the excluded inquiry was not proper cross-examination there is no occasion to consider the question whether in any event review of the alleged error could have been had for the reason that no proffer of the excluded testimony was made upon the motion for a new trial.

Appellant next contends that the trial court erred in its instructions as to the burden of proof. After instructing the jury that the burden of proof was upon the plaintiff to prove every allegation of his petition by a preponderance of the evidence, the trial court then gave the instruction to which the appellant objects, which reads as follows:

"If plaintiff sustains his petition by competent evidence, the burden of proof then shifts to the defendant to show by a preponderance of the evidence that

plaintiff has not sustained his cause of action, that the facts alleged have not been proven and that plaintiff is not entitled to recover."

Objection was not made to this instruction at the time it was given but the alleged error in giving the instruction was urged upon the motion for a new trial. Although the general rule is that instructions to which no objection is made when given may not be reviewed upon appeal, we have said that this rule should not be applied where the instruction is clearly erroneous. In *Sams v. Commercial Standard Ins. Co.*, 157 Kan. 278, 139 P. 2d 859, after stating the general rule (with many cases cited, p. 287), it was said:

"It must, however, also be conceded the rule does not apply to an instruction which is in itself erroneous and an appellant is not estopped from complaining of it as error by not having objected to it at the time it was given. (*Richardson v. Business Men's Protective Ass'n*, 129 Kan. 700, 284 Pac. 599; *Doyle v. City of Herington*, 142 Kan. 169, 45 P. 2d 890, and *Lukens v. First National Bank*, supra.)" (p. 288.)

It was clearly erroneous to instruct the jury that if by his evidence the plaintiff had sustained his petition, the *defendant* then had the burden of proof to show by a preponderance of the evidence that the *plaintiff had not sustained* his cause of action. The burden of proving a disputed fact or issue rests upon the party asserting it, or having the affirmative of the issue, and remains with him throughout the trial. (31 C. J. S. 709 *et seq.;* 20 Am. Jur. 134 *et seq.*)

It has sometimes been said that when a party to an action has made a prima facie case, the "burden of proceeding" or the "burden of evidence" then shifts to his adversary. This is simply a way of saying that upon a prima facie case, a litigant is entitled to prevail if his adversary offers no evidence. The necessity of offering evidence to offset an adversary's prima facie case in no way shifts the burden of proof, which continues to rest upon the party which has it. Incidentally, appellant calls attention to the fact that while the trial court properly instructed the jury that the burden of proof was upon the defendant to prove every material fact alleged in his *cross petition*, it did not, as in the case of the *petition*, give an instruction like the one complained of about shifting of the burden of proof. This fact merely gives emphasis to the seriousness of the error.

The question of the burden of proof was of such importance that we could not say that the defendant was not prejudiced by the instruction. This conclusion makes it unnecessary to consider the

contention, not greatly urged, that the verdict indicated passion and prejudice on the part of the jury.

The judgment is reversed with directions to grant a new trial.