No. 39,861

ORA LAMBERT, *Appellee*, v. ST. PAUL FIRE & MARINE INSURANCE COMPANY, a Corporation, *Appellant*.

(289 P. 2d 1057)

Opinion filed November 12, 1955.

*Robert J. Hill*, of Wichita, argued the cause, and *Howard T. Fleeson, Homer V. Gooing, Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Donald R. Newkirk, Gerrit H. Wormhoudt*, and *Theodore C. Geisert*, all of Wichita, were with him on the briefs for the appellant.

*George Barrett*, of Pratt, argued the cause, and *Richard Barrett*, of Pratt, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action on an insurance policy to recover the value of wheat destroyed by fire while binned on plaintiff's farm.

The pertinent facts are fully set forth in the former appeal in this case (*Lambert v. St. Paul Fire & Marine Ins. Co.*, 176 Kan. 642, 272 P. 2d 1110), and will not be reiterated, but are made a part of this opinion by reference.

In the former appeal, the case was tried on the pleadings and stipulation of facts. The parties were in agreement as to the quantity, but disagreed as to the measure of defendant's liability per bushel of wheat destroyed. Defendant, insurer, contended that its liability under the provisions of the policy was the going market price of $2.02 per bushel, less three cents for hauling, or a net price of $1.99 per bushel at the time and place the loss occurred, and confessed judgment in that amount. Plaintiff, insured, contended he was entitled to recover $2.22 per bushel, the amount he could have borrowed from the Commodity Credit Corporation, had he continued to have the wheat in his possession, or had replaced the wheat after the loss, and elected to enter into a loan agreement with the Commodity Credit Corporation. The trial court sustained plaintiff's contention and entered judgment in his favor on the basis

of the Commodity Credit Corporation price of $2.22 per bushel. In reversing the trial court, we stated:

"Whatever this court might hold in the event the government had made a loan to appellee, on which we presently express no view, it is clear that in this case appellee must recover on the contract of insurance without regard to the amount of the loan he could have obtained from the government had it made such a loan." (p. 646.)

We remanded the case with instructions to grant a new trial to determine the amount of plaintiff's recovery. The effect of our holding was to give the plaintiff an opportunity to prove that the wheat at the time of the fire had a value in excess of the stipulated net market value of $1.99 per bushel, without regard to the loan he could have obtained, had he made application to the Commodity Credit Corporation.

The law of the case was established on the prior hearing, and is adhered to. The plaintiff had the burden of proving his contention that the wheat had the actual cash value in excess of that confessed by the defendant. (*Miller v. Kruggel,* 165 Kan. 435, 195 P. 2d 597.) The only question in this case is—did the plaintiff meet the burden of proof?

Plaintiff testified that the best price he could obtain in cash for the wheat on the day of the fire was the elevator price of $2.02. Over defendant's objection, plaintiff testified that the loan price on the wheat from the Commodity Credit Corporation program was $2.22. A careful examination of the testimony of the other witnesses was to the same effect. No other evidence of value was offered.

It is apparent from the record that the trial court in entering judgment, based on a price of $2.11 per bushel, was considering evidence based upon the government loan price of $2.22 per bushel, less seven cents for storage, three cents for hauling, and one cent for shrinkage, which we held in the former case to be immaterial, and not the proper measure for damages under the insurance contract.

It is obvious from the record there is no competent evidence to sustain the plaintiff's contention that the value of the wheat in question was in excess of the amount which defendant confessed judgment, i. e., $1.99 per bushel.

The court allowed $300 attorney fees for plaintiff's attorney in the first trial ( G. S. 1949, 40-908 ), and $150 at the second trial, and

ordered the same to be taxed as costs. The allowance of these fees is objected to by defendant.

The record fails to disclose that any tender of $1.99 per bushel was made to the plaintiff prior to bringing the action. Subsequent to filing the petition, defendant filed its answer confessing judgment under the terms of the policy in the sum of $5,119.64. Inasmuch as plaintiff was compelled to bring his action to determine the liability of the defendant under the terms of the policy, the allowance of $300 attorney fees, made by the trial court in the first hearing, is affirmed. However, since the plaintiff failed to prove the value of the wheat to be in excess of that confessed by the defendant, the allowance of the supplemental fee of $150 in the second trial is ordered vacated.

In view of what has been said, the judgment of the trial court is reversed, and the case is remanded with instructions to enter judgment in favor of the plaintiff in the sum of $5,119.64, and costs up to the date of the filing of the confession of judgment, including $300 fee for plaintiff's attorney. The costs from and after the date defendant confessed judgment are taxed to the plaintiff.

It is so ordered.

HARVEY, C. J., dissents.