No. 44,400

John Sanford, *Appellant*, v. Charles K. Smith, *Appellee.*

(413 P. 2d 95)

Opinion filed April 9, 1966.

*Leonard W. McAnarney,* of Lyndon, argued the cause and was on the brief for the appellant.

*Donald Patterson,* of Topeka, argued the cause and *David H. Fisher, C. K. Sayler, Jack L. Summers* and *Edwin D. Smith,* all of Topeka, were with him on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: Plaintiff, a pedestrian at the time, while crossing a highway, was struck by a car driven by defendant. He brought this action to recover for his personal injuries. The jury found for defendant. Plaintiff's motions to set aside the verdict and for a new trial were overruled and judgment was entered for defendant. Plaintiff has appealed.

Plaintiff was a resident of Emporia and was a dealer in horses. On a Sunday morning in February, he drove to Madison where he met Martin Hoobler. They drove their respective vehicles back to a point just west of Emporia where plaintiff had a horse-lot. They arrived there about 10 o'clock in the morning. Plaintiff parked his car partly on the right (north) shoulder of the east-west highway. Hoobler parked his truck 19.5 feet behind plaintiff's car in the same relative position. The highway was blacktop and was 24 feet wide. It was a cold day but the weather was clear and the highway dry. There was nothing to obstruct vision for a considerable distance in either direction. The point where they stopped was in "open country" and was just opposite plaintiff's horse-lot. They removed a horse from Hoobler's truck and took it across the highway

(south) to the horse-lot. They then brought another horse from the lot and put it in Hoobler's truck. Their business being transacted, Hoobler got into his truck and started the motor. He turned on his left-turn signal light, which was visible from the rear, to indicate that he was intending to pull out into the highway.

At about this time defendant was approaching from the east, and he noticed the two vehicles parked partly on and partly off the right side of the highway. He also noticed Hoobler's left signal light, and in order to safely clear the Hoobler truck he pulled to the left into the east-bound traffic lane in order to pass. Just as defendant's car was a short distance behind the Hoobler truck plaintiff took a pitchfork from his car and started to run south across the highway from a point right in front of the Hoobler truck. Prior to this, defendant's vision of plaintiff was completely blocked by the Hoobler truck. Defendant applied his brakes and sounded his horn, but plaintiff apparently "froze in his tracks." Defendant's car struck plaintiff in the east-bound traffic lane.

Plaintiff's petition contained the usual allegations of negligence common to actions of this type. On the morning of the opening day of trial plaintiff orally moved the court for an order granting him leave to change the theory of his action so as to include both ordinary negligence and "last clear chance." Over defendant's objection the motion was allowed.

The court ruled that plaintiff's evidence showed plaintiff to be guilty of negligence as a matter of law but further ruled that the case should be submitted to the jury on plaintiff's theory of last clear chance.

Accordingly, and over defendant's objection, the court gave the following instruction:

### "No. 3

"You are instructed that under the evidence introduced in this case plaintiff was negligent as a matter of law and such negligence on his part was a contributing cause of his damages. Ordinarily this bars his recovery, but you may find for the plaintiff under the doctrine of 'last clear chance,' if you find that he has sustained the burden of proof to your satisfaction of each and all of the following propositions:

"1. That plaintiff, by his own negligence, placed himself in a position of peril from which he was unable to extricate himself;

"2. That defendant, seeing the plaintiff in a position of peril, or by the exercise of ordinary care should have seen plaintiff's position, and by the exercise of ordinary care had the last clear chance to avoid striking the plaintiff;

"3. That defendant was negligent in that he failed to exercise ordinary care;

"4. That defendant's negligence was the proximate cause of plaintiff's injuries and resulting damages."

The jury returned a general verdict for defendant and made special findings as follow:

"SPECIAL QUESTIONS

"QUESTION 1. Was the defendant guilty of any one or more acts of negligence which was a proximate cause of the plaintiff's injuries or damages?

"ANSWER. No.

"QUESTION 2. Did the plaintiff reach a position of peril prior to the impact from which he could no longer extricate himself by his use of ordinary care?

"ANSWER. Yes.

"QUESTION 3. Did the defendant use due care to avoid the accident subsequent to the time he either saw the plaintiff, or in the exercise of ordinary care should have seen the plaintiff in his position of peril from which plaintiff could not extricate himself?

"ANSWER. Yes."

In this appeal plaintiff first contends the trial court erred in refusing to give requested instructions and further erred in those given over his objection, particularly with respect to instruction No. 3 above quoted, in which the jury was told that under the evidence plaintiff was guilty of contributory negligence as a matter of law, but notwithstanding, could still recover under the theory of "last clear chance."

Plaintiff's contention as to objection on his part is directly refuted by the record which shows:

"Instructions were discussed informally in chambers April 9, 1965 until the hour of adjournment. Arguments over various instructions were presented, and some instructions were changed over the weekend. Counsel met in chambers again April 13, 1965 prior to the time the jury was instructed, at which time the court presented the final form of the instruction[s] to counsel. At that time, the only objection to the instruction[s] was made by defendant, who objected to given [giving] instruction number 3, pertaining to last clear chance. No other objections were made at that time."

K. S. A. 60-251 (*b*) reads:

"No party may assign as error the giving or failure to give an instruction unless he objects thereto before the jury retires to consider its verdict stating distinctly the matter to which he objects and the grounds of his objection unless the instruction is clearly erroneous. Opportunity shall be given to make the objections out of the hearing of the jury."

The statute is in harmony with the general rule ( *Miller v. Kruggel,* 165 Kan. 435, 439, 195 P. 2d 597). It was on plaintiff's motion that

the last clear chance theory was submitted to the jury. Under the evidence and the law the instruction was not only not "clearly erroneous"—but was proper. Plaintiff, by failure to make timely objection, is now in no position to complain. Furthermore, if the matter were properly before us—special finding No. 1 above, in which the jury specifically found that defendant was not guilty of "any one or more acts of negligence which was a proximate cause of the plaintiff's injuries"—renders the matter now moot. By that finding defendant was completely absolved of any actionable negligence—either before or after plaintiff placed himself in a position of peril.

Some contention is made concerning the testimony of a member of the state highway patrol as to his opinion of the speed of defendant's car—and of the witness Hoobler. The contention is without merit and requires no discussion.

During the course of the trial the jury was sent to the scene of the accident in custody of the bailiff. Complaint is made as to what is alleged to have transpired during such visit. The contention is not borne out by the record and cannot be sustained.

Finally, it is argued that the verdict is contrary to the evidence. This contention likewise is without merit. The evidence discloses a situation in which plaintiff darted out across an open highway from behind a truck which prevented the driver of an approaching car from seeing him. The jury simply exonerated defendant of all negligence. Nothing in the record indicates that a fair trial was not had. The judgment is affirmed.