NOT DESIGNATED FOR PUBLICATION

No. 122,336

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/KANSAS CITY, KANSAS,
*Appellee*,

v.

MAURICIO QUINTANILLA-AVALOS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; ROBERT A. MARTINEZ, judge. Opinion filed March 26, 2021. Affirmed.

*Razmi M. Tahirkheli*, of Tahirkheli & Premer-Chavez Law Office, L.L.C., of Kansas City, for appellant.

*Andrew K. Hall*, of Unified Government of Wyandotte County/Kansas City, Kansas, for appellee.

Before GREEN, P.J., MALONE and WARNER, JJ.

PER CURIAM: Mauricio Quintanilla-Avalos appeals the district court's decision upholding his municipal court conviction for domestic battery. Quintanilla-Avalos argues that the district court erred by upholding his conviction because, in doing so, it improperly refused his request for a trial de novo. Yet, because Quintanilla-Avalos has failed to show that he was entitled to a trial de novo under his diversion agreement with the City of Kansas City, we affirm his domestic battery conviction.

1

On February 7, 2018, Quintanilla-Avalos entered into a diversion agreement with the City of Kansas City for the domestic battery of his stepfather. The City, however, moved to revoke Quintanilla-Avalos' diversion agreement because of certain violations committed by him. After Quintanilla-Avalos stipulated to violating his diversion agreement during the hearing on the City's motion to revoke the agreement, the Kansas City Municipal Court revoked Quintanilla-Avalos' diversion. It then sentenced Quintanilla-Avalos to 48 hours' imprisonment followed by 1-year probation with an underlying suspended sentence of 178 days' imprisonment.

On May 1, 2019, Quintanilla-Avalos appealed his domestic battery conviction to the Wyandotte County District Court. Upon docketing his appeal, Quintanilla-Avalos moved, arguing that he was statutorily entitled to a trial de novo before the district court on his domestic battery conviction. See K.S.A. 2018 Supp. 22-3609(b) and (e); K.S.A. 22-3610(a) and (b). The City responded that Quintanilla-Avalos' argument was meritless because in his diversion agreement, Quintanilla-Avalos agreed that if "'criminal proceedings [were] resumed, the proceedings, including any proceedings on appeal to the District Court of Wyandotte County, Kansas [would] be conducted solely on the record of the stipulation of facts relating to the complaint contained in the Diversion Agreement.'"

The district court rejected Quintanilla-Avalos' statutory argument requesting a trial de novo. Afterwards, the district court found Quintanilla-Avalos guilty of domestic battery based on the facts he had originally stipulated to in his diversion agreement. It then amended Quintanilla-Avalos' sentence to 48 hours' imprisonment followed by 6 months' probation with an underlying suspended sentence of 88 days' imprisonment.

Quintanilla-Avalos timely appeals the district court's decision to this court.

On appeal, Quintanilla-Avalos continues to argue that he was entitled to a trial de novo before the district court. The City generally responds that Quintanilla-Avalos' argument ignores that he contractually agreed not to pursue a de novo trial before the district court should he violate his diversion agreement.

Quintanilla-Avalos' argument here hinges on his contention that he was statutorily entitled to a trial de novo before the district court regardless of the language of the diversion agreement. The diversion agreement mandated the following:  that any appeal to the district court would be "'conducted solely on the record of the stipulation of facts relating to the complaint contained in the Diversion Agreement.'" But conspicuously absent from the record on appeal is the diversion agreement. Quintanilla-Avalos, however, contends that we may legally ignore the terms of his diversion agreement. We disagree.

Stipulations as to evidence in criminal cases are binding upon the parties represented. By entering the stipulation, a defendant waives his right to contest the factual evidence included therein. *State v. Bogguess*, 293 Kan. 743, 745, 268 P.3d 481 (2012). Also, Quintanilla-Avalos, as the movant here, has the burden of persuasion to prove by substantial evidence that he was entitled to a trial de novo. The burden of persuasion is the ultimate burden assigned to a party who must prove something to a particularized degree of certainty. The burden of persuasion continues to rest on the party having the affirmative issue. *Miller v. Kruggel*, 165 Kan. 435, 439, 195 P.2d 597 (1948).

The limited information we have about the terms of Quintanilla-Avalos' diversion agreement is contained in the City's response to Quintanilla-Avalos' motion before the district court. Even then, nothing within the City's response addresses the facts Quintanilla-Avalos stipulated to in his diversion agreement, which the district court relied upon in upholding Quintanilla-Avalos' domestic battery conviction.

Also, although Quintanilla-Avalos challenges the district court's rejection of his statutory interpretation argument, Quintanilla-Avalos has not included the transcript from the hearing where the district court rejected that argument on appeal. Nor has Quintanilla-Avalos included any journal entry detailing why the district court rejected his argument. Instead, we merely know that the district court rejected his argument because Quintanilla-Avalos' attorney referred to this argument briefly at the start of Quintanilla-Avalos' bench trial and sentencing hearing.

In short, Quintanilla-Avalos has made no claim that the diversion agreement was invalid. Also, the fundamental principles of contract law apply to diversion agreements. See *State v. Chamberlain*, 280 Kan. 241, 255-57, 120 P.3d 319 (2005). Thus, we conclude that the district court properly rejected Quintanilla-Avalos' trial de novo argument and affirmed this matter under the parties' diversion agreement.

Affirmed.